Your Honor, in this case there are two separate indictments. May it please the court. And the indictments are unlawful re-entry after deportation, and then a separate indictment that charged 42 counts of fraud, 20 counts of Social Security fraud, 20 counts of food stamp fraud, fraud in the acquisition of a passport, and false claim to citizenship. In each of the indictments and in each of the counts, the critical issue was whether or not Mr. Evans, and I will refer to the defendant as Mr. Evans, whether or not Mr. Evans was a citizen of the United States. And in that regard, Mr. Evans, in May of 2010, had obtained a delayed birth certificate from the state of Idaho. And prior, Mr. Evans gave notice of his intent to use the delayed birth certificate, and the government asked the district court to hold a pretrial hearing to determine whether or not that birth certificate should indeed be admitted or be used by Mr. Evans at trial. The district court held a hearing, heard evidence from the government that the court concluded was substantial evidence of fraud in obtaining the birth certificate and precluded Mr. Evans from using the birth certificate at trial. What the district court didn't do was preclude Mr. Evans from claiming or testifying that he was born in Lapway, Idaho, and that he was indeed a U.S. citizen. But what the district court's order effectively did was took away any of Mr. Evans' support that would have helped him establish that he was a United States citizen. And in that regard, the district court deprived Mr. Evans of his right to present all evidence in support of his claim. Well, his right to submit evidence is subject to the rules of evidence, correct? His right to submit is subject to the rule of evidence, yes, Your Honor. To the rules of evidence, right? Yes, yes. So why – I understand the judge – maybe I'm misreading the judge's order, but, Your Honor, he seems to have grounded his ruling on two rules of evidence, 104 and 403, is that right? Yes, he did. What he did is he – Why – so 403 assumes that the evidence is relevant, correct? Correct, yes. And I don't think – the government, I think, would agree, and the judge agreed, that it was relevant, right? Correct. Logically relevant. Yes. And then he – you know, it gets a little fuzzy here, but he then looked at whether the government's claim that the delayed birth certificate was obtained by a fraud on the state court. That's correct, Your Honor. Correct? That is correct. And so what I assume that he did was, under 104, he was sufficiently convinced that it just was fraudulent and therefore not reliable in exercising his, quote, unquote, gatekeeping function. He said, this isn't coming in. Right? That's what he did? That is what the district court found. What's wrong with that? Well, the district court also found that the birth certificate is prima facie evidence of the fact that it purports to be, and that it is a rebuttable presumption. So the – as in the Ortega case that I gave to the court as sort of illustrative of the situation we have here, is that Mr. Evans, under the Due Process Clause and the right to the Sixth Amendment, has a right to present any evidence that supports his defense. It's up to the government to rebut that evidence and prove to the trier fact that it's – Why can't the district court judge say, you know, I've heard this evidence, and it sure looks like it was obtained fraudulently. He's taken away – Why can't he say it's just so unreliable under 104, I'm not going to let it in? Because he's taken away from the province of the jury what the jury is to decide, and the law that is put forth in the Stieber case says that the courts have to presume that the jury will do their duty, that the jury will read the instructions, the jury will review the facts, and the jury will come up with the appropriate – Counsel, is it your position then that if the document's relevant, the court has to let it come in, and if there's evidence it was procured by fraud, that evidence has to be given the jury, and only the jury can decide? That is the province of the jury, Your Honor, especially when this document goes to the very core of Mr. Evans' defense. It is up to the jury to decide whether or not it was procured by fraud. The government had evidence all over the place that the jury could have reviewed. The jury is the body that is called to duty to make these decisions, not a district court, especially when it goes to – Well, what about under 403? Again – And you can exclude evidence under 403 if the court determines – you know, it has relevance. The court can say it has relevance, but it would – it's so misleading, and it would consume so much time, basically a little mini-trial on whether or not this was legit. That's correct, Your Honor, but the application – He can strike a balance in favor of exclusion. So why is that an abuse of discretion here? Because the application – the technical applications of rule of evidence can't trump the Constitution, and the Constitution here requires that a jury make a determination of the elements, not a district court pretrial. That's clear in the case cited by the government, the Holmes v. South Carolina case, 547 U.S. 319, that a rule of evidence or a state or a court's application of a rule of evidence cannot override a defendant's Constitution. Well, then you're not suggesting by that statement that 403 never applies to a defendant's proffer of evidence? It certainly does, but not to the evidence that's very core of his defense, and the only – You're just saying that the balance should be struck. This was such a – this goes to the heart of his defense, that the balance should have been struck in favor of admissibility. That's correct, because under the Ninth Circuit case law, a defendant has a right to present all evidence that supports his defense, and regardless of whether the court deems it irrelevant or fantastic or unbelievable. Do you think the court has any gatekeeping function under 104? That's – I think that's the purpose of 104, Your Honor, is to, you know, give the courts preliminary – the power to give preliminary issues of foundations and things like that to admit evidence, yes. Do you think it extends to notions of reliability? It does extend to notions of reliability, and that's clear under the case law of the Ninth Circuit. However, when you are buttressed in conflict with the constitutional right to present a defense, the Constitution has to override the rules – the application of the rules of evidence. Mr. Harmel, you're down to – Yes, and I'll – Would you like to make a rebuttal? One thing you might think about in addressing your rebuttal for a minute is just whether – the phrasing of whether this is reviewed for abuse of discretion. Is that applicable or in your theory? Yes, Your Honor. Is there something different here? I believe it's de novo since we're raising the constitutional issues. Thank you. Thank you. So we thank Mr. Harmel, and we'll hear from Mr. Anderson on behalf of the government. Good morning, Your Honor. May it please the Court, my name is Sean Anderson. I represent the United States in this matter. The government did move pretrial, used Rule 104 as a mechanism to challenge this birth certificate as competent evidence of the defendant's birth. The real danger – Counsel, can you explain why Rule 104 applies here? There's no dispute, is there, that the delayed certificate is itself authentic, correct? That's correct. The delayed birth certificate is – and it's an authentic document. It's not a forgery or the like, correct? We'd concede that, Your Honor. All right. So now what you're saying is that Rule 104 gives the Court to decide to look at the content of the document and have a mini-trial on whether it is a probative representation of the facts. Why isn't that, since that's an element of the case against Mr. Evans, why isn't that definitely a function of the jury to decide that? That's what the First Circuit had no trouble concluding in the Blake opinion, so I'm curious why you think Rule 104 becomes an avenue for a district court to start screening the probative value of the contents of the document. Well, because it wasn't just about the form of the document or the form of the evidence. It really goes to the substance of what this document represents. And Rule 104 would enable the government to attack this very type of evidence, given the clear nature of it being fraudulently obtained. And it does this pretrial in a manner that allows all of the issues, all of the background, all of the discovery to be fleshed out. I believe that was a concern mentioned three times in the Smith case. In that case where it was an issue based, a claim based on derivative citizenship, those issues had never been fully litigated. Here we sought to do that through Rule 104. It's certainly evidence that the government could consider it, that the court or the jury could consider at trial, and therefore I believe it was appropriate to use that rule as a mechanism to preclude introduction of this evidence. So, you know, 104 usually goes to foundational facts. Usually, but by its terms. I mean, well, by usually I mean that's the way it's, there's a foundational fact that you need to, that the proffer of a piece of a documentary, some documentary evidence needs to establish in order to have it admitted. And then like here, that this, as Judge Fisher just noted, that this was properly issued, this delayed birth certificate was properly issued by the, certified by the State of Idaho. It's like a foundational fact. But we still have other rules of evidence to consider. We have Rule 403, which was ultimately used to decide this issue. And to give any effect to that, Rule 403, I would submit, that you have to have some sort of a mechanism to address this issue pre-trial. Rule 104 does that, and that's why we brought this hearing. The danger of having this evidence. So is it your position that he only acted, that the judge only acted under Rule 403? Well, I think he had a number of concerns. 403 issues as well. He also likened his, or he also, Judge Nielsen also mentioned his ability, recognized ability as a gatekeeper of the evidence in general, citing the authority the court might have for Daubert, pursuant to Daubert, for the disability. That's different, isn't it? Daubert's different. Well, but it's a general recognition of the court's gatekeeping function. Well, that's grounded under the rules of evidence that deal with expert evidence, expert opinion. It is, but it stands for the. . . Is Daubert grounded on 104? No, but there's the more general principle of the court's gatekeeping function and controlling what evidence goes to the jury in its discretion. Well, but counsel, the Constitution says the defendant has a right to present a defense. District judge has a gatekeeping function. That's true, but if it turns out that the gatekeeping function is a mini-trial before the jury gets to see evidence that the defendant is proffering to prove or disprove an element of the case against him, I think it's very troublesome that in the broad language of 104 and 403, as applied in this case, that the court is essentially engaged in a trial over the content of a legitimately issued State of Idaho vital record. So, and you say, well, the court relied on 403. What basis under 403 did the court invoke? A waste of the jury's time or misleading the jury, or what was it that the jury couldn't handle by hearing the very evidence that the court heard and decide whether or not it was a fraudulent document? The district court, Judge Nielsen concluded that the certificate was without probative weight and could only lead to undue delay and a possible miscarriage of justice, and I think that was based on the clear fraud that was involved. Is there, if I could interrupt on one point, is there no federal rule of evidence that just simply says a fraudulent document shall not be admitted or a court has discretion to exclude a fraudulent document? No specific rule of evidence. There's no specific evidence rule in the long, you know, multi-hundred year history of common law development of rules of evidence in England and then in the colonies and the U.S. Are there no cases? Are there any cases that deal explicitly with that issue, whether the court can exclude a fraudulently created document? No, and the relevant cases cited in my brief,  Sandoval, Ortega, didn't quite get to that issue, but I think to conclude otherwise would simply open up the floodgates to just any type of evidence to be offered by the defense. It would take the concept of a defendant having a fair opportunity to defend himself to just simply having every opportunity to defend himself. Let me ask you this. So if Judge Nielsen had denied your motion, I gather during the course of the trial you would have presented essentially what you presented to Judge Nielsen at this hearing, correct? We would have, and we presented much of that same evidence anyway. You mean during the course of the trial you didn't? We presented similar witnesses, some similar documentary evidence. Some of that didn't come in during the course of the trial for evidentiary foundational reasons. Some of the documents in the A file did not come in, but the defendant was still able to offer evidence of his alleged birth in the United States. But a delayed birth certificate is a pretty significant piece of evidence. It is, until you look further at it, until you look beyond the form of it and you look into the substance of it, and that's what makes it so dangerous to put before a jury. Let me ask you, is any birth certificate just prima facie evidence that one was born in, you know, where the certificate says? It appears so. The Ortega case, I think that was conceded by the government in that case out of Arizona. How about a passport? Let's say,  and we know from other, some other kinds of cases I've seen that, you know, there is an industry of people making phony passports that smugglers or immigrants might use to get into the U.S. illegally. Could any, could any alien who claims they're a U.S. citizen tender a passport into evidence in a 1326 case and then have, would there be argument? Could it be excluded under 104? Or would it always have to come in subject to trial proof? I'm not sure that, I'm not sure that that would be necessarily the best evidence. Is the short answer, counsel, was it the short answer that that would be an inauthentic document, which is distinct from this document, which is there's no challenge to its authenticity. It is not a fake document. It's a real document. What you're attacking is the substance in the hypothetical posed by Judge Gould, presumably authenticity, the foundational question of authenticity would be dispositive. And in that case, well, 104 would probably apply. I believe it would. Or the similar mechanism could be used to challenge the admission of the passport as well. But then you could have a lawfully issued passport that was perhaps based on a false birth certificate. Similarly, so you'd have those same issues potentially involved. I'm not saying that the Department of State would do such a thing, but I suppose there is the potential for that. Let me just confirm one thing. The jury never heard about this certificate. Is that correct? They did not. They heard other evidence. They heard evidence the defendant put on his aunt, alleged aunt, Eleanor Seymour testified to some details of his birth as best she could. The jury apparently didn't find that to be credible evidence. Okay. As a result of the verdict. Okay. Well, we're over time, but we took your time. It's an important and tough case. Judge Fischer, do you have other questions for the government? No, I'm fine. Thank you. Thank you. Thank you very much. Thank you. Judge Gould, would you like me to address the standard of review? I'd be interested in that, yeah. Your Honor, I believe that the standard of review here is de novo. If it's an abuse of discretion, I believe that the district court did abuse its discretion in excluding the birth certificate. As has been pointed out, it was a certified authentic document from the state of Idaho, and the government's complaint about the document went to the facts underlying the document, not the document itself. So, as Judge Mayes asked earlier, if the court has to look at reliability of a piece of evidence to admit that is true, but the reliability of this document was actually established through its authenticity through the state of Idaho. So, really what the government's complaint was in this case is that the facts underlying that document were untrue, and that was in the province of the jury to decide. So, in case there's any other questions. Is it your position that the government could not contest the reliability of that document at trial if it had been admitted? I suppose it could contest the authenticity of it, and the authenticity is not questioned by the government. At trial, assuming the district court judge had denied the government's motion, admitted this certificate into evidence, would it have been proper to allow the government to present the same evidence essentially that it presented at the pre-trial hearing? I believe so, because a birth certificate is prima facie, but not conclusive of the fact that it's being presented. So, yeah, I think the government could litigate that fully at trial, and that's why I believe we're here, is Mr. Evans is asking for an opportunity to litigate that fact so he can present his entire defense. Assuming there was error, is it harmless? No, Your Honor, I think that Smith-Balthier case, 424-Fed 3913 at page 222, covers that and basically holds that Barney defended from presenting all evidence in support of a cognitive defense or from challenging an element of the crime as structural error. So, I believe it's not subject to the harmless error rule. Okay. Thank you, Mr. O'Rourke. So we thank Mr. Hormel and Mr. Anderson for very fine arguments on both sides of that interesting case. It's a tough case. Well argued. Thank you. Thank you very much.
judges: Fisher, Gould, Paez